IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02188-BNB

TERRY RUSH SHILLING,

    Plaintiff,

v.

OFFICE OF ATTORNY [sic] GENERAL,
ARISTATIES A. ZAVAREZ,
LISTED EMPLOYEES OF CANÑON [sic] COMPLEX,
WARDEN SUSAN B. JONES (CSP), and
WARDEN TRAVIS TRANNI (Centennial),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Terry Rush Shilling, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City. He filed *pro se* a Prisoner Complaint (ECF No. 7) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 1). He asks for money damages and injunctive relief, i.e., either placement in the general population or in a facility or program that suits his mental-health needs. He has been granted leave to proceed pursuant to § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Shilling is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Shilling will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the substance of the Prisoner Complaint and finds that the it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Shilling generally alleges that since 2011 DOC staff has threatened, verbally abused, and harassed him. He contends he has scars from staff assaults and, apparently, has been kept in observation rooms with too-cold temperatures.

As his first claim, Mr. Shilling alleges that Correctional Officer Munson, Sergeant Trujillo, and Sergeant Butero subjected him to excessive force on March 6, 2013, by

slamming his head into a cell, causing blood to flow down his face and the cell window (claim one). He further alleges that on March 13, 2013, Sergeant Kenneth Weber threw him out of the pod shower, pushed on his lower jaw, and placed his knee against his spine. However, none of these individuals is named as a defendant, and Mr. Shilling fails to specify how he has been injured. Mr. Shilling also makes general allegations that prison staff has slammed him into walls, posted a no-razor-privilege note on his door, blamed him for staff assaults, and assaulted him while in restraints when escorting him to the transport bus for court proceedings.

As his second claim, Mr. Shilling generally alleges that staff has threatened, bribed, and mistreated him. He contends staff has confiscated his food; tried to keep him from reporting sexual assaults on others; deprived him of privileges such as blankets, sheets, clothes, and property; and improperly placed him in a program that threatens his safety. Mr. Shilling also contends staff has given him excessive write-ups in order to place him in segregation because staff didn't like his ethnic background or religion. He makes other, generally unintelligible allegations about bringing knives into prison and being intimidated by providing other inmates with his family's address.

As his third claim, Mr. Shilling apparently alleges deliberate indifference to his mental-health needs. He complains about being left in intake for weeks without showers or hygiene while wearing only a mental-health "'saf[e]ty smock.'" ECF No. 7 at 6. He further complains about verbal abuse by staff and physical assaults so he could be placed in chains, shackles, and a helmet to "keep [him] safe." *Id.* He asserts that an animal leash has been placed on his handcuffs to restrict his movement within his pod. He maintains that at times he has not had proper linens, sheets, or a laundry bag for his

dirty clothes because, according to DOC policy, he had to wash dirty clothes in the sink; and that he has been denied showers because of being placed on a court hold.

In order to state a claim in federal court, Mr. Shilling "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); see also *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Shilling should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Shilling must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Aupervisory officials may not be held liable for the unconstitutional conduct of subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Mr. Shilling may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Shilling uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr.

Shilling will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Terry Rush Shilling, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Shilling shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Shilling fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some claims and defendants, or the entire complaint and action, may be dismissed without further notice.

DATED October 16, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge