IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02188-BNB

TERRY RUSH SHILLING,

    Plaintiff,

v.

OFFICE OF ATTOURNY [sic] GENERAL,
ARISTATIES A. ZAVAREZ,
WARDEN SUSAN B. JONES,
WARDEN TRAVIS TRANNIS, and
LISTED EMPLOYEES OF CAÑNON [sic] COMPLEX,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Terry Rush Shilling, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City. He filed *pro se* a Prisoner Complaint (ECF No. 7) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 1). He asked for money damages and injunctive relief, i.e., either placement in the general population or in a facility or program that suits his mental-health needs. He was granted leave to proceed pursuant to § 1915.

    On October 15, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Shilling to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal

participation of each named defendant.  On December 5, 2013, after being granted an extension of time, Mr. Shilling filed an amended Prisoner Complaint (ECF No. 13).

The Court must construe the amended Prisoner Complaint liberally because Mr. Shilling is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Shilling will be ordered to file a second and final amended Prisoner Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the substance of the amended Prisoner Complaint and finds that it does not comply with the pleading requirements of Rule 8.  Mr. Shilling was informed in the order of October 16, 2013, of the requirements for submitting an amended Prisoner Complaint that complied with Rule 8, and the Court will not repeat those requirements here.  Mr. Shilling also was informed that he must allege the personal participation of each named defendant, which he has failed to do.  In particular, Mr. Shilling has failed to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  He also has failed to provide a clear and concise request for relief.  The request for relief in the amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is vague and confusing.

In the amended Prisoner Complaint, Mr. Shilling generally alleges that since 2011 unspecified DOC staff members have threatened, verbally abused, harassed, and

physically assaulted him.  He contends that he has been placed in observation rooms with freezing temperatures; maced; threatened to prevent the disclosure of numerous sexual assaults; kept in administrative segregation with insufficient clothing, shoes, linens, and towels; and bears scars from staff assaults.  However, Mr. Shilling must identify in individual claims that are clear and concise which, if any, of the named defendants committed these acts.

Mr. Shilling's first claim alleges incidents of excessive force without explaining the circumstances under which the alleged assaults occurred.  He specifically asserts that Correctional Officer Munson and Sergeants Trujillo and Butero subjected him to excessive force on March 6, 2013, by slamming his head into a cell, causing blood to flow down his face, and leaving a scar on his left eyebrow.  He alleges that on March 13, 2013, Sergeant Kenneth Weber threw him out of the pod shower, put his right thumb in his ear, and placed his knee against his spine, but fails to specify what, if any, injuries he suffered.  He also alleges that Correctional Officer Duty used a taser gun on him for resisting after he was thrown on his back down stairs on a transport bus while in full restraints and suffered injuries that resulted in scars on his left pectoral muscle.  Mr. Shilling makes general allegations that unspecified prison staff threw him to the ground, maced him, and stepped on his face.  However, none of the individuals Mr. Shilling accuses of excessive force is listed in the caption to the amended Prisoner Complaint. Mr. Shilling must include in the caption to the second and final amended Prisoner Complaint he will be directed to file the names of parties against whom he asserts claims in the text.  If Mr. Shilling intends the numerous individuals listed on pages 9 and 10 of the amended Prisoner Complaint (ECF No. 13) to be considered as defendants,

he must indicate in the caption that he has attached additional pages of defendants. He fails to do so.

As his second claim Mr. Shilling generally alleges that unspecified staff threatened, bribed, and mistreated him. He contends staff confiscated his food, tried to keep him from reporting sexual assaults on others, deprived him of linens, harassed him about his religion and ethnic background, threatened him over the intercom, tried to intimidate him to cause him to move out of his pod, and placed a "snitch" jacket on him in an attempt to make him "look bad in front of others." ECF No. 13 at 5. In his third and final claim, Mr. Shilling alleges that prison staff threatened him, blamed him for others' mistakes, and assaulted him.

In both claims two and three, Mr. Shilling fails to identify the defendant or defendants involved in the alleged conduct. In fact, he fails to allege the personal participation of the defendants named in the caption to the amended Prisoner Complaint in any of the asserted claims.

In pages attached to the amended Prisoner Complaint, *see* ECF No. 13 at 11-14, Mr. Shilling makes numerous additional allegations against additional individuals, none of whom is named as a defendant in the caption to the amended Prisoner Complaint. He also failed to separate these additional allegations into individual claims, making it difficult to determine whether the allegations are simply background, supplemental information, or additional claims.

It is Mr. Shilling's responsibility to list the defendants he wishes to sue in the caption to his second and final amended Prisoner Complaint and to present his claims in a manageable and readable format that allows the Court and defendants to know

what claims are being asserted and to be able to respond to those claims.  Mr. Shilling must allege, simply and concisely, his request for relief and his specific claims for relief, including the specific constitutional rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of facts is not required.  Nor should the Court or defendants be required to sift through Mr. Shilling's allegations to organize them into claims or locate the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and 'the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.'  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Shilling will be given one final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended Prisoner Complaint that names all the defendants in the caption, states his request for relief and claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations, and makes a clear request for relief.

Accordingly, it is

ORDERED that Plaintiff, Terry Rush Shilling, file **within thirty (30) days from**

**the date of this order** a second and final amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleges the personal participation of each named defendant as discussed in this order and in the order of October 16, 2013 (ECF No. 9).  It is

FURTHER ORDERED that Mr. Shilling shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second and final amended complaint.  It is

FURTHER ORDERED that, if Mr. Shilling fails to file a second and final amended Prisoner Complaint that complies with this order within the time allowed, some claims and defendants, or the entire complaint and action, may be dismissed without further notice.

DATED March 5, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge