IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02188-BNB

TERRY SHILLING (RUSH),

      Plaintiff,

v.

OFFICE OF ATTOURNY [sic] GENERAL,
WARDEN SUSAN B. JONES (CSP),
WARDEN TRAVIS TRANNIS (Centennial), also named as
      TRAVIS TRANNIS (Warden Centennial Complex),
KENNITH [sic] PADILLA (Captain) (Centennial), also named as
      KENNETH PADILLA (Captain Centennial),
MRS. OLEVETT (Case Manager), Centenial [sic], also named as
      OLEVETT (Case Manager D-Unit Centennial North),
MR. CHAVEZ (Leiutenant [sic] CSP), also named as
      CHAVEZ (Leiutenant [sic] A-Unit CSP),
TINA VALDEZ (Mental Health), Centenial [sic], also named as
      TINA VALDEZ (Mental Health CSP),
JOHN HICKENLOOPER (Governer [sic]),
BOYD N. BOLAND (U.S. Magistraite [sic] Judge),
GREGORY LANGHAM (Clerk of Court District of Colorado),
ALFRED A. ARRAJ (U.S. Courthouse),
JOHN KEMMERZELL (U.S. Courthouse),
ARISTATIES [sic] A. ZAVAREZ (Attourny [sic] General),
SUSAN B. JONES (Warden CSP),
MEEK (Major CSP),
FOX (Investigator General),
O. DENT (Inteligence [sic]),
BARBERO (Captain CSP),
BUFFUM (Case Manager E-Unit CSP),
DEFUSCA (Case Manager A-Unit Centennial North),
RUSSEL (Leiutenant [sic] CSP),
PERSONS (Leiutenant [sic] Centennial Complex),
LENAGER (Mental Health CSP),
HEART (Mental Health CSP),
TUCKER (Psycholigist [sic] Centennial Complex),
DALE TRAMP (Greivance [sic] Board) #17192,
SGT. QUINYEHLA LOTKHES (Property),
SGT. JESSE LUCERO (Centennial North),
SGT. JARRED BATTERO (CSP),

SGT. TRUJILLO (CSP),
SGT. KENNETH WEBER (CSP),
SGT. STEVE JOHNSTON (Centennial North),
SGT. ELIZABETH LIMBERIS (CSP),
SGT. HENRY ORTIZ (CSP),
C.O. JULIE HUGHES (Centennial North),
C.O. MITZI ORDAZ (CSP),
C.O. SPURLOCK (CSP),
C.O. SHULTZ (Centennial),
C.O. PORFIRIO ARCHELETTA (Centennial North),
C.O. JOSHUA ADAMS (Centennial North),
C.O. DONALD SHAFFER (Centennial North),
C.O. KEVIN DUTY (Centennial North), and
DORIS JOHNSON (Centennial North),

     Defendants.

---

## ORDER TO DISMISS IN PART, DRAW CASE TO A PRESIDING JUDGE, AND DIRECT PLAINTIFF TO PROVIDE ADDRESSES FOR REMAINING DEFENDANTS

---

     Plaintiff, Terry Shilling (Rush), is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City.  On March 25, 2014, he filed *pro se* a second and final amended Prisoner Complaint (ECF No. 15) pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 1).  He asks for money damages and injunctive relief, i.e., placement in the general population.

     On October 15, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Shilling to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named defendant.  On December 5, 2013, after being granted an

2

extension of time, Mr. Shilling filed an amended Prisoner Complaint (ECF No. 13).

On March 5, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No.
14) directing Mr. Shilling to file within thirty days a second and final amended Prisoner
Complaint.  Magistrate Judge Boland reiterated that the second and final amended
Prisoner Complaint must comply with the pleading requirements of Fed. R. Civ. P. 8 and
allege the personal participation of each named defendant, which the amended Prisoner
Complaint failed to do.  He also explained to Mr. Shilling that he must identify in
individual claims that are clear and concise which, if any, of the named defendants
committed the acts of which he complained.  He further explained that the individuals
Mr. Shilling referenced in the text of his claims who were not listed in the caption must
be listed in the caption to the second and final amended Prisoner Complaint for them to
be considered defendants.  Finally, Magistrate Judge Boland pointed out that Mr.
Shilling must include in the caption to the second and final amended Prisoner Complaint
a reference to the fact that he has attached additional pages of defendants, if he opts to
do so.

On March 25, 2014, Mr. Shilling filed the second and final amended Prisoner
Complaint (ECF No. 15).

Mr. Shilling has been granted leave to proceed pursuant to the federal *in forma
pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to
dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks
monetary relief against a defendant who is immune from such relief.  A legally frivolous
claim is one in which the plaintiff asserts the violation of a legal interest that clearly does
not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989).

Mr. Shilling is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the second and final amended Prisoner Complaint liberally because Mr. Shilling is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the second and final amended Prisoner Complaint will be dismissed in part as legally frivolous.

To the extent Mr. Shilling is attempting to assert a claim under 18 U.S.C. § 242, he lacks standing to prosecute a criminal action.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Although the second and final amended Prisoner Complaint Mr. Shilling filed does not comply with all directives of the March 5 order, it will not be dismissed for that

4

reason.  The Court first notes that Mr. Shilling includes an attachment to his second and

final amended Prisoner Complaint (ECF No. 15 at 11) listing forty different Defendants

the Court has added to the caption of this order.  However, Mr. Shilling makes the

vague and conclusory allegation that "26 of these people have been involved with force,

assaults, throwing inmates out of shower's [sic] (me)," ECF No. 15 at 4, and other acts,

yet he fails to specify which Defendant did what.  But for Mr. Shilling's clarification that

these allegations do not apply to the first four defendants listed, i.e., Governor John

Hickenlooper, the undersigned magistrate judge, Gregory Langham, former clerk of this

Court, and the Alfred A. Arraj Courthouse, *see* ECF No. 15 at 11, he fails to provide any

allegations specifying to whom or which of the remaining thirty-six Defendants his

allegations apply.

    The Court will not consider Mr. Shilling's vague and conclusory allegations

because they fail to assert specific facts supporting claims under § 1983 against specific

Defendants.  Merely making vague and conclusory allegations that his federal

constitutional rights have been violated does not entitle a *pro se* pleader to a day in

court, regardless of how liberally the court construes such pleadings.  *See Ketchum v.

Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true

only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*,

935 F.2d at 1110.  Mr. Shilling was informed in both orders for amended complaints,

*see* ECF No. 9 at 4, ECF No. 14 at 2, that in order to state a claim in federal court under

§ 1983, he "must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Shilling also was informed in the order for an amended Prisoner Complaint, *see* ECF No. 9 at 4-5, and reminded in the order for a second and final Prisoner Complaint, *see* ECF No. 14 at 2, that he must allege the personal participation of each named Defendant.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Shilling must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

6

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  Mr. Shilling's vague and conclusory allegation that fails to allege the personal participation of "26 of these [36] people have been involved with force, assaults, throwing inmates out of shower's [sic] (me)," ECF No. 15 at 4, and other acts will be dismissed as legally frivolous.

      Mr. Shilling asserts three claims.

      In his first claim of excessive force, he alleges that on March 6, 2013, Sergeant Butero, who is not named as a Defendant, subjected him to excessive force at the Colorado State Penitentiary by smashing his face into an intake window, causing him to bleed and require stitches.  He further alleges that on March 13, 2013, Sergeant Weber, who is named as a Defendant, pulled him out of the shower, apparently at the  Colorado State Penitentiary, and put his knee into Plaintiff's back along his upper spine, causing him to require medication for the ongoing pain he suffers.  He also alleges that on an unspecified date when he was incarcerated at the Buena Vista Correctional Facility Sergeant Weber stepped on his head and pushed him into goose feces and pebbles after an unnamed officer tackled him to the ground.  Finally, he alleges that on August 16, 2014, Correctional Officer Duty, who is named as a Defendant at Centennial North, which is not a DOC prison facility although Centennial Correctional Facility is, shot him with a taser when he was being escorted down stairs backwards in handcuffs, leg restraints, and body chains.  Mr. Shilling's first claim will be drawn to a presiding judge

and, if appropriate, to a magistrate judge.  Sergeant Butero, who is not named as a

Defendant, will be added to the docketing records for this action as a Defendant.

      Mr. Shilling's second claim is vague and conclusory.  In the first paragraph, ECF

No. 15 at 7, Mr. Shilling names four individuals – C.O. Shaffer, C.O. Shultz, Mitzi Ordaz,

and Adems – the first three of whom are named as Defendants, who allegedly

mistreated him, but he fails to explain what each Defendant did to him, when each

Defendant did it, how the Defendants' action harmed him, and, what specific legal right

he believes the Defendants violated.  *See Nasious*, 492  F.3d at 1163.  He provides

dates – August 3, 2011; January 2, 2012; and March 22, 2013 – for other acts but fails

to state against whom the alleged acts are asserted.  As such, claim two is vague and

conclusory, and must be dismissed.  *See Hall*, 935 F.2d at 1110.

      In his third and final claim, Mr. Shilling alleges that on September 5, 2012, he

was shot with a taser gun by Lieutenant Yates, who is not named as a Defendant, when

he left in a cold observation cell at the San Carlos Correctional Facility for over eight

hours.  Other than the assertions against Lieutenant Yates, his allegations are vague

and conclusory.  He again provides dates – September 5, 2012;  September 2012 to

February 26, 2013; October to December 2011; May 9, 2013 to October 16, 2013; July

9, 2012 to March 15, 2014; November 10, 2013; and November 15, 2013 – but either

fails to allege against whom the acts that occurred on these dates are asserted or what

if any injury he suffered.

      For example, Mr. Shilling alleges that on November 15, 2013, Correctional

Officers Fowler, Gallagher, and Moore grabbed him by the back of his neck.  However,

he fails to allege how he was injured in any way.  The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury.  *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994).  Except for Mr. Shilling's allegations against Lieutenant Yates, claim three is vague and conclusory, and must be dismissed.  *See Hall*, 935 F.2d at 1110.  Lieutenant Yates, who is not named as a Defendant, will be added to the docketing records of this action as a Defendant.  The portion of Mr. Shilling's third claim asserted against Lieutenant Yates will be drawn to a presiding judge and, if appropriate, to a magistrate judge.

Mr. Shilling has failed to make any allegations demonstrating the personal participation of the following Defendants, who will be dismissed as parties to the action: Office of Attourny [sic] General; Warden Susan B. Jones; Warden Travis Trannis; Kennith [sic] Padilla, also named as Kenneth Padilla; Mrs. Olevett; Mrs. Chavez; Tina Valdez; John Hickenlooper; Boyd N. Boland; Gregory Langham; Alfred A. Arraj; John Kemmerzell; Aristaties [sic] A. Zavarez; Susan B. Jones; Meek; Fox; O. Dent; Barbero; Buffum; Defusca; Russel; Persons, Lenager; Heart; Tucker; Dale Tramp; Sgt. Quinyehla Lotkhes; Sgt. Jesse Lucero; Sgt. Jarred Battero; Sgt. Trujillo; Sgt. Steve Johnston; Sgt. Elizabeth Limberis; Sgt. Henry Ortiz; C.O. Julie Hughes; C.O. Mitzi Ordaz; C.O. Spurlock; C.O. Shultz; C.O. Porfirio Archeletta; C.O. Joshua Adams; C.O. Donald

9

Shaffer; C.O. Kevin Duty; and Doris Johnson.  In the portion of the second and final amended Prisoner Complaint that lists "A. Parties," Mr. Shilling attempts to make allegations of personal participation against Mrs. Chavez, but they fail as vague and conclusory.  *See* ECF No. 15 at 3.  Any claims against any of these Defendants also will be dismissed.

The only remaining Defendants will be Sergeant Butero, Sgt. Kenneth Weber, C.O. Kevin Duty, and Lieutenant Yates.  Sergeant Butero and Lieutenant Yates will be added to the docketing records for this action as Defendants.  Mr. Shilling will be ordered to provide the full address for each of the remaining Defendants so that the Court may effect service.  Failure to do so for any remaining Defendant will result in the dismissal of that Defendant as a party to this action.

Accordingly, it is

ORDERED that the vague and conclusory assertion of Plaintiff, Terry Shilling (Rush), that fails to allege the personal participation of twenty-six out of thirty-six people who allegedly have been involved with force, assaults, and throwing inmates, including him, out of the shower, among other acts is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that claims two and three, except the portion of claim three asserted against Lieutenant Yates, are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that the claims asserted against the following Defendants are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B):  Office of

Attourny [sic] General; Warden Susan B. Jones; Warden Travis Trannis; Kennith [sic] Padilla, also named as Kenneth Padilla; Mrs. Olevett; Mrs. Chavez; Tina Valdez; John Hickenlooper; Boyd N. Boland; Gregory Langham; Alfred A. Arraj; John Kemmerzell; Aristaties [sic] A. Zavarez; Susan B. Jones; Meek; Fox; O. Dent; Barbero; Buffum; Defusca; Russel; Persons, Lenager; Heart; Tucker; Dale Tramp; Sgt. Quinyehla Lotkhes; Sgt. Jesse Lucero; Sgt. Jarred Battero; Sgt. Trujillo; Sgt. Steve Johnston; Sgt. Elizabeth Limberis; Sgt. Henry Ortiz; C.O. Julie Hughes; C.O. Mitzi Ordaz; C.O. Spurlock; C.O. Shultz; C.O. Porfirio Archeletta; C.O. Joshua Adams; C.O. Donald Shaffer; C.O. Kevin Duty; and Doris Johnson.  It is

FURTHER ORDERED that the above-referenced Defendants are dismissed as parties to the action.  It is

FURTHER ORDERED that the only remaining Defendants are:  Sergeant Butero, Sgt. Kenneth Weber, C.O. Kevin Duty, and Lieutenant Yates.  It is

FURTHER ORDERED that the clerk of the Court add Sergeant Butero and Lieutenant Yates to the docketing records for this action as Defendants.  It is

FURTHER ORDERED that claim one, the portion of claim three asserted against Lieutenant Yates, and the case are drawn to a presiding judge and, if appropriate, to a magistrate judge.  It is

FURTHER ORDERED that **within twenty (20) days from the date of this order** Mr. Shilling is directed to provide the full address for each of the remaining Defendants – Sergeant Butero, Sgt. Kenneth Weber, C.O. Kevin Duty, and Lieutenant Yates – so that the Court may effect service.  Failure to do so for any remaining Defendant will result in the dismissal of that Defendant as a party to this action.

DATED at Denver, Colorado, this  1st  day of ____July_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court