IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02188–KMT

TERRY SHILLING (RUSH),

    Plaintiff,

v.

SERGENT BUTERO,
LIEUTENANT YATES,
SGT. KENNETH WEBER (CSP), and
C.O. KEVIN DUTY (CENTENNIAL NORTH),

    Defendants.

---

# ORDER

---

This case comes before the court on Defendants Butero, Yates, Weber, and Duty's "Motion to Dismiss or Alternatively Motion for Summary Judgment" (Doc. No. 25 [Mot.], filed October 28, 2014). Plaintiff filed his response on January 5, 2015 (Doc. No. 30 [Resp.]), and Defendants filed their reply on January 27, 2015 (Doc. No. 31 [Reply]).

**STATEMENT OF CASE**

Plaintiff is a *pro se* prisoner currently incarcerated in the Centennial Correctional Facility ("CCF") of the Colorado Department of Corrections ("CDOC"). (*See* Doc. No. 15 [Compl.], filed March 25, 2014.) Plaintiff filed this action under 42 U.S.C. § 1983 alleging three claims for relief. (*See id.*) On July 1, 2014, Senior District Judge Lewis T. Babcock dismissed claims two and three, except as asserted against Defendant Yates, as legally frivolous. (Doc. No. 16.) The

only remaining claims in this action are those against Defendants Yates, Butero, Weber, and Duty as asserted under the Eighth Amendment for the alleged use of excessive force.  (*See id.*)

## LEGAL STANDARD

Fed. R. Civ. P. 12(b) states that, where a Rule 12(b)(6) motion raises matters outside the pleadings, it shall be treated as a motion for summary judgment subject to the requirements of [Rule] 56.  Rule 56(c) in turn requires that the opposing party be given ten days['] notice prior to hearing of the motion within which to file opposing affidavits." *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1495–96 (10th Cir.1993).  Here, the title of Defendants' motion stated it was a motion to dismiss or, alternatively, a motion for summary judgment, and it included evidentiary materials outside of the complaint.  (Mot.)  Thus, plaintiff had explicit notice that the court could convert the motion to a motion for summary judgment.  *See* 11 James Wm. Moore, Moore's Federal Practice ¶ 56.30[4] at p. 56–230 (3d ed. 2006) ("[c]ourts have concluded that a court is not required to give notice of its intention to convert a Rule 12(b)(6) motion into a summary judgment motion when the motion was styled in the alternative.").  Thus, the court finds that Plaintiff had adequate notice of the conversion.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325).  The nonmoving party

may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

*1.     Failure to Exhaust Administrative Remedies*

Defendants argue that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a).  (Mot. at 4–6.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The "PLRA's exhaustion requirement applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  *See also Booth v. Churner*, 532 U.S. 731, 731–32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").  *See also Jones v. Bock*, 549 U.S. at 210–212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules,─rules that are defined not by the PLRA, but by the prison grievance process itself."  *Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted).  Thus, it is the prison's own grievance procedures that set forth what the prisoner must

do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted). After *Jones v. Bock*, a failure to exhaust administrative remedies constitutes an affirmative defense which must proved by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

The CDOC provides inmates with administrative remedies in the form of a grievance process set forth in CDOC Administrative Regulation (AR) 850-04. (*See* Mot., Aff. of A. DeCesaro [Doc. No. 25-1], ¶ 4; [Doc. No. 219-5 at 34–41 [AR 850-04].)  Under AR 850-04 inmates must grieve any alleged injuries or unlawful conduct by pursuing a three-step process: (1) attempt to resolve the issue or complaint by filing a Step One grievance within 30 days of the discovery of the issue or complaint; (2) if the inmate is not satisfied with the response/resolution of his Step One grievance, he must file a Step Two grievance within five days of receipt of the written response to his Step One grievance; and (3) if the inmate is still not satisfied with the response/resolution of his grievance, he must file a Step Three grievance within five days of receipt of the written response to his Step Two grievance. (*Id.*, ¶¶ 5–8.)

Defendant submits evidence that Plaintiff has only utilized the grievance procedure to its completion by filing a Step 3 grievance on two occasions, both of which were filed after the initiation of this lawsuit, and neither of which relates to the issues brought in this action. (*See id.*, ¶ 11.)  In grievance number R-CR13/14-00052812, Plaintiff grieved the use of force by an officer named Archeletta for an incident that occurred on February 6, 2014, an incident that post-dates the filing of this lawsuit by approximately six months. (*Id.*, ¶ 12 & at 23–26.) In grievance number 13/14-00051166, Plaintiff grieved a code of penal discipline action that occurred in December of 2013, which again post-dates the filing of this lawsuit. (*Id.*, ¶ 13 & at 27–29.)  In

5

addition to both grievances being filed after Plaintiff initiated this suit, neither of the grievances filed by Plaintiff relate in any way to the issues remaining in this action.

Accordingly, Plaintiff has failed to exhaust his administrative remedies prior to the filing of this action. Defendants are thus entitled to summary judgment regarding Plaintiff's claims.

### 2. *Qualified Immunity*

Defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated plaintiff's constitutional or statutory right and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

Because this court has determined Defendants are entitled to summary judgment on all of Plaintiff's claims against them, Plaintiff has not established that the defendants violated Plaintiff's constitutional or statutory rights, and the defendants are entitled to qualified immunity in their individual capacity.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that Defendants Butero, Yates, Weber, and Duty's "Motion to Dismiss or Alternatively Motion for Summary Judgment" (Doc. No. 25) is **GRANTED**. It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case. It is further

**ORDERED** that this case is **CLOSED**.

Dated this 9th day of September, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge